UNITED STATED DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

## 10-MC-60651-Cooke-Bandstra

PIUS AWUAH, et. al.,　　　　　　　　　　Civil Action No. 07-10287

**Case pending in: United States District Court for the District of Massachusetts**

Plaintiffs,

v.

COVERALL NORTH AMERICA, INC.,

Defendant.

_____/

FILED by ___VT___ D.C.
ELECTRONIC

April 27, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### EMERGENCY MOTION TO QUASH SUBPOENA FOR DEPOSITION OF IRA J. ALTMAN AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, IRA J. ALTMAN ("ALTMAN"), a non-party witness subpoenaed in the above-styled cause to testify at deposition on May 3, 2010, by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 45(c) and 26(c), and files this *Emergency Motion to Quash Subpoena for Deposition of Ira J. Altman and Supporting Memorandum of Law*, and as grounds in support thereof states:

1.　　On April 26, 2010, counsel for ALTMAN received a *Notice of Video Trial Deposition*, and *Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action*, a copy of which is attached hereto as Composite Exhibit "A". **The deposition is set for May 3, 2010 at 8:00 a.m. Counsel for PLAINTIFFS and DEFENDANT are located out-of-state. The undersigned has been advised that trial will commence on May 10, 2010 in the District of Massachusetts.** Therefore, the undersigned respectfully requests that the Court expedite ruling on this Motion.

1

2. On or about May 21, 2008, ALTMAN entered into a *Confidential Separation Agreement and Mutual Release* ("AGREEMENT"), with Defendant, COVERALL NORTH AMERICA, INC. ("COVERALL").

3. Pursuant to the terms and conditions of the AGREEMENT, ALTMAN shall not reveal any *confidential information* about COVERALL without prior written authorization from COVERALL and shall not disclose any *information* about COVERALL unless required by court process.

4. ALTMAN, as a non-party, "may invoke the inherent power of the court to secure protection from discovery which seeks confidential or privileged information or which would cause undue burden on" him. Fadalla v. Life Automotive Products, Inc., 258 F.R.D. 501, 504 (M.D. Fla. 2007) (internal citations omitted). "Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure." United Technologies Corp. v. Mazer, 2007 WL 788877, Not Reported in F.Supp.2d (S.D. Fla. 2007)(citing American Electric Power Co., Inc. v. United States, 191 F.R.D. 132 (S.D.Oh.1999)).

5. Pursuant to Rule 45(c)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Given the AGREEMENT that is currently in force between ALTMAN and COVERALL, participating in a "Video Trial Deposition" places an undue burden upon ALTMAN. He will likely be asked questions which implicate the matters covered by the AGREEMENT.

6. Without any knowledge of the questions he will be asked, ALTMAN will have to make an instant question-by-question determination as to whether his answer to a particular

question violates the terms of the AGREEMENT. If ALTMAN makes the "wrong" decision and answers a question deemed by COVERALL to be within the scope of the AGREEMENT, he may then be liable for breach. Such a circumstance places a significant undue burden on ALTMAN.

7. Pursuant to Rule 45(c)(3)(A)(iv), the Court must quash or modify a subpoena that subjects a person to undue burden. Accordingly, ALTMAN should not be required to testify and the subpoena should be **quashed**.

8. Pursuant to Rule 45(c)(3)(A)(iii), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter. ALTMAN was previously employed as Vice President of Sales at COVERALL in charge of bidding "national accounts". ALTMAN's employment with COVERALL ended in 2008. Given the nature of the pending litigation, the questions PLAINTIFFS are likely to ask not only fall under the terms of the AGREEMENT, but are also likely to seek confidential business information protected by the AGREEMENT. Thus ALTMAN should not be required to testify and the subpoena should be **quashed**.

9. Pursuant to Rule 45(c)(3)(B)(i), the Court may quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. Given the nature of the pending litigation, the questions PLAINTIFFS are likely to ask not only fall under the terms of the AGREEMENT, but are also likely to seek trade secret or other confidential research, development, or commercial information. Therefore, ALTMAN should not be required to testify and the subpoena should be **quashed**.

10. In the alternative, if the Court determines that the Subpoena should not be quashed, ALTMAN respectfully requests that the subpoena be modified. Pursuant to Rule 45(c)(3)(C), in the circumstances described in Rule 45(c)(3)(B), the court may, instead of

quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated. A District Court has options to address the effects of a subpoena that requires the disclosure of a trade secret or other confidential information: the court may either quash or modify the subpoena, or the court may order appearance or production upon specified conditions. Klay v. All Defendants, 425 F.3d 977 (11th Cir. 2005).

11. The Court in *Fadalla v. Life Automotive Products, Inc.* held that requested trade secret information was not subject to discovery absent a demonstration of substantial need for the requested information, since disclosure pursuant to a subpoena duces tecum would require a breach of non-disclosure and secrecy agreements. Fadalla v. Life Automotive Products, Inc., 258 F.R.D. 501 (M.D. Fla. 2007); *See also* Donovan v. Lewnowski, 221 F.R.D. 587, 588 (S.D. Fla. 2004). Such a situation is present here, and ALTMAN has no knowledge that either of the two aforementioned requirements have been met. Since no such demonstration has been made by PLAINTIFFS, the subpoena should be **quashed** and ALTMAN should not be required to testify.

12. Although one of the documents ALTMAN received is titled *Notice of Video Trial Deposition*, the other is titled *Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action*. Thus, the provisions of Federal Rule 26(C), which are similar to Rule 45, should also apply here.

13. Pursuant to Rule 26(c), the court may, for good cause, issue an order to protect a party or person from undue burden, including (1) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (2) requiring that a deposition be sealed and opened only on court order; or (3) requiring that a trade secret or other confidential

research, development, or commercial information not be revealed or be revealed only in a specified way. The testimony PLAINTIFFS seek from ALTMAN is directly related to his employment at COVERALL, and COVERALL is a party to this action. In the event that PLAINTIFFS are able to satisfy the requirements of Rule 45(c)(3)(C), ALTMAN respectfully requests that the subpoena be modified to provide the protections specified in Rule 26, including but not limited to entry of a protective order and/or approval of a confidentiality agreement.

14.     In the alternative, ALTMAN requests that PLAINTIFFS provide a list of questions prior to deposition, and allow ALTMAN sufficient time to proffer any objections to the Court for *in camera* review and a ruling, similar to the procedures utilized in bankruptcy court. In re Duque, 134 B.R. 679 (S.D. Fla. 1991).

## **CONCLUSION**

ALTMAN respectfully requests that this Court enter an Order quashing the *Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action* and the accompanying *Notice of Video Trial Deposition*. In the event the Court declines to quash the subpoena, ALTMAN respectfully requests that the Court enter an Order modifying the subpoena to specify the conditions under which ALTMAN must testify, including: prior review of the deposition questions; the scope of disclosure of *confidential information* and *information* about COVERALL; whether or not the deposition will be sealed; and/or whether PLAINTIFFS must enter into a confidentiality agreement specifying that all trade secret or other confidential research, development, or commercial information shall not be revealed.

## Local Rule 7.1(A)(3) Certificate

Counsel for Ira Altman certifies that he has, in good faith, communicated with counsel for Plaintiff, Pius Awuah, and such counsel opposes the granting of this motion.

Respectfully submitted,

**GOREN, CHEROF, DOODY & EZROL, P.A.**

Attorneys for Ira Altman
3099 East Commercial Boulevard, Suite 200
Fort Lauderdale, FL 33308
Telephone: (954) 771-4500
Facsimile: (954) 771-4923

By: s/
KERRY L. EZROL
Fla. Bar. No. 615900
kezrol@cityatty.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2010 the foregoing document is being served this day by e-mail and U.S. Mail to: Shannon Liss-Riordan, Esq., (sliss@llrlaw.com) (Fax: 617-994-5801) Lichten & Liss-Riordan, P.A., Attorneys for Plaintiff, 100 Cambridge Street, 20th Floor, Boston, MA 02114, (617) 994-5800; and Michael Vhay, Esq., Michael.vhay@dlapiper.com) (Fax: 617-406-6100) DLA Piper, LLP, Attorneys for Coverall North America, Inc., E33 Arch Street, 26th Floor, Boston, MA 02110.

s/ Kerry L. Ezrol

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIUS AWUAH, et al., and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>     Defendant. | Civil Action No. 07-10287-WGY |

### NOTICE OF VIDEO TRIAL DEPOSITION

To: Kerry Ezrol, Esq.
    Goren, Cherof, Doody & Ezrol, P.A.
    3099 East Commercial Boulevard, Suite 200
    Fort Lauderdale, FL 33308

PURSUANT TO THE ATTACHED SUBPOENA, please take notice that the Plaintiffs in the above-captioned matter, by their attorneys, will take the trial deposition upon oral examination of **Ira J. Altman** on **Monday, May 3, 2010 at 8 o'clock AM** at the offices of the Palm Beach Reporting Services at Interstate Executive Plaza, 1499 West Palmetto Park Road, in Boca Raton, FL 33486. The deposition will be taken before a notary public or some other officer authorized by law to administer oaths and will be video-recorded.

1

EXHIBIT "A"

Respectfully submitted,
PIUS AWUAH, et al., and all others
similarly situated

By their attorneys,

*/s/ Shannon Liss-Riordan /HS*

Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

DATED: April 23, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, I caused a copy of this document to be served by first-class mail on Michael Vhay, Esq., counsel for Defendant Coverall North America, Inc., at the following address:

DLA Piper, LLP
33 Arch Street – 26th Floor
Boston, MA 02110-1447

*/s/ Shannon Liss-Riordan /HS*
Shannon Liss-Riordan, Esq.

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| PIUS AWUAH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 07-10287 |
| | ) | |
| COVERALL NORTH AMERICA, INC. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Ira J. Altman   10445 NW 65th Drive
     Parkland, FL 33076

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Palm Beach Reporting Services<br>Interstate Executive Plaza<br>1499 West Palmetto Park Rd., Boca Raton, FL 33486 | Date and Time:<br>05/03/2010 8:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer, videographer, videoconference.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/26/2010

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Pius Awuah, et al.
_____, who issues or requests this subpoena, are:

LICHTEN & LISS-RIORDAN, P.C.   Shannon Liss-Riordan, Esq.
100 Cambridge Street - 20th Floor   sliss@llrlaw.com
Boston, MA 02114   (617) 994 - 5800

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 07-10287-WGY

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title


_____
Server's address

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).